**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK VALLES,<br><br>Petitioner,<br><br>v.<br><br>DEPUTY DISTRICT ATTORNEY, et al.,<br><br>Respondents. | Case No.: 1:13-cv-01194-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on July 31, 2013. (Doc. 1).

**DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v.

> Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

The exhaustion requirement is not merely applicable to state prisoners challenging a state criminal conviction and sentence under § 2254; rather, the rule equally applies to pre-conviction state detainees proceeding under § 2241(c)(3). Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)(holding that a petitioner seeking pre-conviction habeas relief must exhaust his claims in state court (1) to permit state courts to fully consider federal constitutional claims, and (2) to prevent federal interference with state adjudications, especially criminal trials); Carden v. Montana, 626 F.2d 82 (9th Cir. 1980)(citing Braden in refusing to find "extraordinary circumstances" justifying interference by federal court in pre-conviction state criminal proceedings raising only a speedy trial issue); Brown v. Ahern, 676 F.3d 899 (9th Cir. 2012)(reaffirming applicability of Carden rule).[1]

Here, Petitioner alleges he is presently in the custody of the Lerdo County Jail, Kern County, California, pending resolution of criminal charges that have been brought by the Kern County District Attorney's Office. (Doc. 1, p. 2). Petitioner alleges he has not yet been tried on the pending criminal charges; however, Petitioner nevertheless maintains that certain illegalities and irregularities have occurred in his criminal case that merit this Court's habeas relief, i.e., inter alia, that the prosecution has failed to disclose exculpatory evidence, that the prosecution is discriminatory, and that law enforcement authorities have illegally tape-recorded his conversations while in pre-trial detention.

As mentioned, however, whether a petitioner is challenging a prior conviction and the resulting prison sentence under § 2254, or is challenging circumstances related to his pre-conviction detention pursuant to § 2241(c)(3), in order to proceed in this Court he must first have exhausted all of his claims by presenting them to the California Supreme Court.

Here, Petitioner alleges that he has presented his claims to the California Supreme Court in a state habeas petition that was denied on June 12, 2013 in case no. S210370. (Doc. 1, p. 2). Petitioner

---

[1] Carden is especially relevant as a guiding precedent here because, as in the instant case, the Cardens' primary claim raised in their federal petition was a speedy trial violation by the state courts.

has appended the state supreme court's denial as an attachment to the petition, and that denial indicates the state court denied the petition with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d 300, 304 (1949). (Doc. 1, p. 24). Under California law, a citation to Duvall indicates a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474. As discussed below, this type of denial raises the question whether the issue has been "fairly presented" to the state high court as required by the exhaustion doctrine.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949). Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity. In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition. Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320. "The mere recitation of In re Swain does not preclude such review." Id. Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion standards.

The state petition contains a long and rambling statement about a visit to the Lerdo Jail by one of the prosecutors which was recorded by the prosecutor and in which Petitioner and the prosecutor argued about a number of issues, including, inter alia, whether the victim died of a heart attack or by

Petitioner's conduct, whether the act was premeditated, and whether an unspecified search was lawful. (Doc. 1, p. 20). Petitioner alleges, as a result, that the prosecution is an "invidious discriminatory prosecution." (Id.). Although Petitioner repeatedly urges the California Supreme Court to "listen to the 'audio recording,'" Petitioner apparently does not include a copy of that tape or a transcript of its contents along with his state petition.

From the foregoing, it is clear why the California Supreme Court rejected the petition citing Duvall and Swain. The allegations of an illegal search, an illegal recording, and ineffective assistance of his trial counsel are barely explained and the factual bases for such claims are not developed. Moreover, neither the critical component of Petitioner's claims, i.e., the allegedly illegal audio tape, nor any of its contents was presented to the state high court. In sum, there was a complete absence of factual allegations and evidence to support Petitioner's bare-bones legal theories. Indeed, the only real conclusion to be drawn from the state petition is that the prosecutor and Petitioner had a pointed argument with each other. That, alone, is not a basis for state or federal habeas relief. Accordingly, in the Court's view, the state court was well within its authority to require Petitioner to provide further information regarding his allegations, pursuant to Duvall and Swain.

Moreover, as mentioned above, in this case, the citations to Duvall and Swain by the California Supreme Court did not foreclose Petitioner from re-filing his petition in that court along with such additional information or documents that would have permitted that court to make a decision on the merits, thereby exhausting Petitioner's claims. Kim, 799 F.2d at 1319. Petitioner, however, failed to follow that course. Hence, the claim or claims were not "fairly presented" to the state's highest court as required by the exhaustion doctrine. Kim, 799 F.2d at 1320. Accordingly, the Court concludes that Petitioner did not exhaust his claim in the California Supreme Court, and, thus, the petition is unexhausted and must be dismissed.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. See Kim, 799 F.2d at 1319 (claims unexhausted where denial on procedural grounds can be cured in a renewed state petition). Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th

Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22; Calderon, 107 F.3d at 760.[2]

C. Younger Abstention.

Moreover, if the claims were fully exhausted, the Court would not proceed with this petition because Petitioner has not been convicted in state court and his claims of constitutional violations, such as they are, would be subject to abstention by the federal court.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).[3] Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Nor is federal injunctive relief to be used to test the validity of an arrest or the

---

[2] The Court notes that Petitioner has already filed a federal prisoner civil rights complaint in this Court in case no. 1:13-cv-00555-MJS, raising a claim that his rights were violated by the prosecution's refusal to conduct a second autopsy to determine whether the victim Petitioner is accused of murdering died of natural causes. That complaint was filed on April 17, 2013, but dismissed on July 1, 2013, with leave for Petitioner to file an amended complaint within thirty days to cure defects identified by the Court in the original complaint. Thus, to the extent that Petitioner is raising issues regarding his pre-conviction detention that could be remedied pursuant to 42 U.S.C. § 1983, his remedies remain open in that case.

[3] Although Petitioner does not expressly ask for injunctive relief in his petition, in the portion of the form petition where a petitioner should describe his claims, Petitioner directs the Court to his state petition, which requests only that the state court "get involved" in the case and intervene in what Petitioner's describes as a discriminatory prosecution. The only conclusion the Court can draw from such language is that Petitioner is seeking injunctive relief of the type proscribed by Younger.

admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not been concluded. Indeed, it does not appear that a criminal trial has even been conducted in the state court or that Petitioner has been convicted of any offense based on the charges being prosecuted against him by the State of California. The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his federal constitutional claims related to the allegedly illegal conduct of the prosecutors in the state court criminal proceedings.

Cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal

court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Here, it now seems apparent that Plaintiff is seeking to have the Court intervene in an ongoing state criminal prosecution. This is precisely the type of circumstance to which the Younger doctrine was intended to apply. Plaintiff has not established any exception to Younger abstention is applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for purposes of harassment. Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. Indeed, the state criminal proceedings are currently pending, and Plaintiff can raise his concerns within the context of those state court proceedings.

The Court notes that an additional basis for abstention under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)("the Pullman doctrine"), appears applicable as well under the facts as pleaded by Petitioner. Pullman abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 814 (1976)(citing Pullman). Clearly, Petitioner's complaints about the prosecutor's conduct can, potentially, be cured before or during trial, or, again, on direct appeal to the state appellate courts. Under those circumstances, any relief that this Court could afford would indeed be "mooted" by the state court determination. In short, this is neither the time nor the place for federal intervention into the state judicial proceedings.

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 6, 2013**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE